IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HERNANADEZ, | No. C -11-05621(EDL) |
| Plaintiff, | **ORDER SETTING CASE MANAGEMENT CONFERENCE** |
| v. | |
| FOCUSMICRO, INC., | |
| Defendant. | |

On January 15, 2013, the Court held a case management conference during which Plaintiff was ordered to take some action to move the case forward, whether by seeking default, coming to a settlement agreement, dismissing the case, or some other means. On February 14, 2013, Plaintiff filed a motion for the Clerk's entry of default against Defendant. Docket No. # 57. The Clerk intended to deny the request for entry of default based on Defendant's answer on file. See Dkt. # 2. However, because the unrepresented corporate Defendant was in violation of Civil Local Rule 3-9(b), which states that a corporation may appear only through a member of the bar of this Court, default could have been entered at that time. See Civil L.R. 3-9(a) ("Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

However, on February 28, 2013 Defendant filed a "response and opposition" to Plaintiff's request for entry of default stating that it would retain California counsel if the parties could not resolve this case among themselves. The Court required an update from the parties by May 4, 2013, and stated that if the parties have not resolved the case by that date, the Court would either issue an Order to Show Cause why the case should not be dismissed for failure to prosecute or enter default against the Defendant for failure to defend itself through counsel. See Fed. R. Civ. P. 55(a).

On May 3, Plaintiff requested that the Court enter default because Defendant had not

responded to its settlement overtures, and an attorney filed an appearance in this Court on behalf of Defendant. Because Defendant has previously filed an answer and is now represented, entry of default is inappropriate. However, because it appears that Plaintiff has made some efforts to move this case forward, at this time it appears that dismissal for failure to prosecute is also inappropriate.

The Court hereby Orders counsel for both sides to appear in person at a case management conference on May 28, 2013, at 10:00 a.m., Courtroom E, 15th floor, San Francisco, during which the Court intends to set expedited case management deadlines. The parties shall file a joint case management statement by May 21, 2013.

IT IS SO ORDERED.

Dated: May 6, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge